IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Chanelle Zaborac, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.   1:16-cv-1327 |
| MiraMed Revenue Group, LLC, an Illinois limited liability company, | ) ) ) ) |
| Defendant. | )   <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Chanelle Zaborac, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Chanelle Zaborac ("Zaborac"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect delinquent consumer debts that she allegedly owed to Franciscan Medical Specialists ("Franciscan").

4.     Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant MiraMed operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including consumers in the State of Indiana. In fact, Defendant MiraMed was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant MiraMed is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, records from the Indiana Secretary of State, attached as Exhibit A. In fact, MiraMed conducts business in Indiana.

6.     Defendant MiraMed is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant MiraMed acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.     On September 21, 2015, Defendant MiraMed sent Ms. Zaborac an initial collection letter demanding payment of debts she allegedly owed to Franciscan. A copy of this letter is attached as Exhibit C.

8.     Ms. Zaborac did not believe that these debts were correct. Accordingly, on October 1, 2015, she responded to MiraMed's collection by having her attorneys send Defendant MiraMed a letter that told MiraMed that she was represented by counsel, that the debts at issue were disputed and that she would not pay those debts. A copy of this letter, fax confirmation and certified mail receipt are attached as Exhibit D.

9. Instead of ceasing collections or providing a response to Ms. Zaborac's dispute, on May 10, 2016, Defendant MiraMed sent Ms. Zaborac another collection letter that demanded payment of the disputed Franciscan debts. A copy if this letter is attached as Exhibit E.

10. This greatly alarmed, distressed and confused Ms. Zaborac because she had turned this matter over to counsel and because there had been no response to her dispute about the validity of the debts.

11. Defendant MiraMed's collection actions complained of herein (Exhibit E) occurred within one year of the date of this Complaint.

12. Defendant MiraMed's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Zaborac's attorneys told Defendant MiraMed to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant MiraMed violated § 1692c(c) of the FDCPA.

16.     Defendant MiraMed's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant MiraMed knew that Ms. Zaborac's was represented by counsel in connection with her debts because her attorneys had informed Defendant, in writing, (Exhibit D), that she was represented by counsel, and had directed Defendant MiraMed to cease directly communicating with her.  By directly sending Ms. Zaborac the collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant MiraMed violated § 1692c(a)(2) of the FDCPA.

20.     Defendant MiraMed's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692e And § 1692f Of The FDCPA --
### Attempting To Collect A Disputed Debt

21.     Plaintiff adopts and realleges ¶¶ 1-12.

22.     Section 1692e of the FDCPA prohibits a debt collector from using any

false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), and taking any action that cannot be legally taken debt, see 15 U.S.C. § 1692e(5).  Moreover, § 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

23. Defendant MiraMed violated these provisions by, including, but not limited to, demanding payment of a disputed debt without providing any response to that dispute.

24. Defendant MiraMed's violation of § 1692e and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT IV
## Violation Of § 1692g Of The FDCPA –
## Continued Collection Action Without Validation Of The Debt

25. Plaintiff adopts and reallege ¶¶ 1-12.

26. Section 1692g(b) of the FDCPA requires that, once a consumer disputes a debt, a debt collector has to cease all collection efforts and not resume collection until it obtains validation from the creditor that the debt is owed and provides that validation to the consumer, see 15 U. S. C. § 1692g(b).

27. Here, Defendant MiraMed violated § 1692g(b) of the FDCPA by failing to respond to Ms. Zaborac's dispute and, instead, resuming its collection efforts.

28. Defendant MiraMed's violation of § 1692g(b) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Chanelle Zaborac, prays that this Court:

1. Find that Defendant MiraMed's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Zaborac, and against Defendant MiraMed, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Chanelle Zaborac, demands trial by jury.

Chanelle Zaborac,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: May 27, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com